1  Marty G. Baker, Esq. (AZ Bar No. 025278)
2  Ian D. Quinn, Esq. (AZ Bar No. 024515)
   ROUTH CASTLE COOPER OLSEN, LLC
3  A Multi-Jurisdictional Law Firm
   22601 North 19th Avenue, Suite 201
4  Phoenix, Arizona 85027
   (623) 582-1222
5  Attorneys for Plaintiffs

6
7
8                    UNITED STATES BANKRUPTCY COURT
9                    DISTRICT OF ARIZONA - PHOENIX DIVISION

| | |
|---|---|
| In re | CASE NO.: 2:09-bk-15380-SSC |
| WAUNITA R. WEINGART AND ALOIS CRAIG WEINGART, | Chapter 7 |
| Debtors. | |
| | |
| BANK OF AMERICA, N.A.; and WACHOVIA BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF GSR 2004-09; BAC HOME LOANS SERVICING, LP; and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-13, | Adversary Proceeding<br><br>Case No.: 2:09-ap-01285-SSC<br><br>**ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523 AND § 727, AND OBJECTIONS TO DISCHARGE** |
| Plaintiffs, | |
| vs. | |
| WAUNITA R. WEINGART AND ALOIS CRAIG WEINGART, | |
| Defendants. | |

Plaintiffs BANK OF AMERICA, N.A. (hereinafter "Bank of America"); WACHOVIA BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF GSR 2004-09 (hereinafter "Wachovia"); BAC HOME LOANS SERVICING, LP (hereinafter "BAC"); and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE

FOR THE CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-13 (hereinafter "BONY") (and hereinafter collectively "Plaintiffs"), by and through their attorneys Marty G. Baker, Esq. and Ian D. Quinn, Esq. of ROUTH CASTLE COOPER OLSEN, LLC, for causes of action against the Defendants named above, alleges and complains as follows:

## THE PARTIES AND JURISDICTION

1. Plaintiffs seek to determine the dischargeability of certain debts pursuant to Bankruptcy Rules 4007 and 7001(6), and bring this adversary proceeding pursuant to 11 U.S.C. § 523(a)(2) and (4), 11 U.S.C. § 727(a)(4), and 11 U.S.C. § 105(a).

2. Waunita R. Weingart and Alois Craig Weingart (hereinafter collectively "Defendants") filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 2, 2009.

3. The question of the Defendants' discharge has not as of this date been determined.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and § 157(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

## FACTUAL ALLEGATIONS–SAXEBOROUGH PROPERTY

7. The first parcel of real property at issue in this adversary proceeding is commonly known as 7766 Saxeborough Drive, Castle Rock, CO 80104 (hereinafter "the Saxeborough Property"), which is legally described as follows:

   LOT 21, CHARTER OAKS, COUNTY OF DOUGLAS, STATE OF COLORADO.

8. Defendants obtained title to the Saxeborough Property via a Warranty Deed recorded on September 18, 1997 at Reception No. 9752193 in the office of the Clerk and Recorder of Douglas County, Colorado.

9. BONY claims an interest in the Saxeborough Property by virtue of a Promissory Note and Deed of Trust dated August 31, 2005, which was granted by Defendant Craig Weingart in the original amount of $492,000.00 (hereinafter "BONY Loan"). BONY fully intended for this Deed of Trust to constitute a first lien on the Saxeborough Property, but the Deed of Trust was never recorded. BONY holds the beneficial interest under this Deed of Trust.

10. Bank of America claims an interest in the Saxeborough Property by virtue of a Promissory Note and Deed of Trust dated January 18, 2008, which was granted by Defendant Alois Weingart in the original amount of $417,000.00 (hereinafter "Bank of America Saxeborough Loan"). Bank of America fully intended for this Deed of Trust to constitute a first lien on the Saxeborough Property, but the Deed of Trust was not recorded until June 4, 2008. Bank of America holds the beneficial interest under this Deed of Trust.

11. Upon information and belief, Defendants acting through title agencies owned and/or controlled by Defendant Waunita Weingart closed at least eighteen loans allegedly secured by the Saxeborough Property from 1999 through 2008 in excess of $6.7 million. Upon information and belief, these title agencies include Colorado County & Community Title, LLC and Real Estate Title, LLC.

12. Upon information and belief, the title agencies owned and/or controlled by Defendant Waunita Weingart did not use the loan proceeds to satisfy prior encumbrances upon the Saxeborough Property. Rather, upon information and belief, the loan proceeds were either converted or were used at least in part to debt service the numerous loans on the Saxeborough Property for some period of time.

13. Upon information and belief, the title agencies owned and/or controlled by Defendant Waunita Weingart either did not record or did not timely record the multiple deeds of trust on the Saxeborough Property. Many of said deeds of trust were recorded years after the date of execution or were not recorded at all.

14. Upon information and belief, the title agencies owned and/or controlled by

1. Defendant Waunita Weingart did not disclose the existence of the untimely recorded or unrecorded deeds of trust to BONY, Bank of America, or any of the other lenders with a purported interest in the Saxeborough Property.

15. On February 25, 2009, Wells Fargo Bank, N.A., as Trustee of the Security National Mortgage Loan Trust 2005-2, caused a foreclosure sale of the Property to be conducted pursuant to a deed of trust dated October 12, 2000 and recorded on April 22, 2002 at Reception No. 02038658 in the office of the Clerk and Recorder of Douglas County, Colorado. This foreclosure sale extinguished the Deeds of Trust of BONY and Bank of America on the Saxeborough Property. As a result, BONY and Bank of America were left with no security interests in the Saxeborough Property.

16. Both the BONY Loan and the Bank of America Saxeborough Loan are due for June 2008. No payments on either loan have been received since at least May 2008.

17. Upon information and belief, due to the pattern of fraud committed over the last ten years by Defendants and their title agents, multiple deeds of trust, both recorded and unrecorded, were executed purportedly securing in excess of $6.7 million of loans payable to numerous lenders on the Saxeborough Property. Upon information and belief, nearly all of these deeds of trust were intended by the lenders to represent first position liens on the Saxeborough Property, which was valued at $431,303.00 according to the most recent valuation of the Douglas County Assessor's Office.

## FACTUAL ALLEGATIONS–LOST ANGEL PROPERTY

18. The second parcel of real property at issue in this adversary proceeding is commonly known as 141 Lost Angel Road, Boulder, CO 80302 (hereinafter "the Lost Angel Property"), which is legally described as follows:

LOT 8, PRIDE OF THE WEST, COUNTY OF BOULDER, STATE OF COLORADO.

19. Wachovia claims an interest in the Lost Angel Property by virtue of a Promissory

Note and Deed of Trust dated May 24, 2004, which was granted by Defendant Waunita Weingart in the original amount of $444,500.00 (hereinafter "Wachovia Loan"). Wachovia fully intended for this Deed of Trust to constitute a first lien on the Lost Angel Property, but the Deed of Trust was never recorded. Wachovia holds the beneficial interest under this Deed of Trust.

20. BAC claims an interest in the Lost Angel Property by virtue of a Promissory Note and Deed of Trust dated January 23, 2007, which was granted by Defendant Waunita Weingart in the original amount of $450,000.00 (hereinafter "BAC Loan"). BAC fully intended for this Deed of Trust to constitute a first lien on the Lost Angel Property, but the Deed of Trust was never recorded. BAC holds the beneficial interest under this Deed of Trust.

21. Bank of America claims an interest in the Lost Angel Property by virtue of a Promissory Note and Deed of Trust dated March 14, 2008, which was granted by Defendant Waunita Weingart in the original amount of $417,000.00 (hereinafter "Bank of America Lost Angel Loan"). Bank of America fully intended for this Deed of Trust to constitute a first lien on the Lost Angel Property, but the Deed of Trust was never recorded. Bank of America holds the beneficial interest under this Deed of Trust.

22. The Wachovia Loan and the BAC Loan are both due for June 2008; no payments have been made on either loan since at least May 2008. The Bank of America Lost Angel Loan is due for May 2008; no payments have been made since at least April 2008.

23. Upon information and belief, Defendants acting through title agencies owned and/or controlled by Defendant Waunita Weingart closed at least thirteen loans allegedly secured by the Lost Angel Property from 2002 through 2008 in excess of $5.1 million. Upon information and belief, these title agencies include Colorado County & Community Title, LLC and Real Estate Title, LLC.

24. Upon information and belief, the title agencies owned and/or controlled by Defendant Waunita Weingart did not use the loan proceeds to satisfy prior encumbrances upon the Lost Angel Property. Rather, upon information and belief, the loan proceeds were either

converted or were used at least in part to debt service the numerous loans on the Lost Angel Property for some period of time.

25. Upon information and belief, the title agencies owned and/or controlled by Defendant Waunita Weingart either did not record or did not timely record the multiple deeds of trust on the Lost Angel Property. Many of said deeds of trust were recorded years after the date of execution or were not recorded at all.

26. Upon information and belief, the title agencies owned and/or controlled by Defendant Waunita Weingart did not disclose the existence of the untimely recorded or unrecorded deeds of trust to Wachovia, BAC, Bank of America, or any of the other lenders with a purported interest in the Lost Angel Property.

27. Upon information and belief, due to the pattern of fraud committed over the last seven years by Defendants and their title agents, multiple deeds of trust, both recorded and unrecorded, were executed purportedly securing in excess of $5.1 million of loans payable to numerous lenders on the Lost Angel Property. Upon information and belief, nearly all of these deeds of trust were intended by the lenders to represent first position liens on the Lost Angel Property, which was valued at $512,400.00 according to the most recent valuation of the Boulder County Assessor's Office.

## FIRST CAUSE OF ACTION

28. Based upon the facts set forth herein, Defendants' debt on the BONY Loan is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) and (4), and 11 U.S.C. § 727(a)(4).

29. Pursuant to the terms of the subject Promissory Note and Deed of Trust for the BONY Loan, BONY is entitled to an award of attorneys' fees of costs incurred herein.

## SECOND CAUSE OF ACTION

30. Based upon the facts set forth herein, Defendants' debt on the Bank of America Saxeborough Loan is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) and (4), and 11 U.S.C. § 727(a)(4).

31. Pursuant to the terms of the subject Promissory Note and Deed of Trust for the Bank of America Saxeborough Loan, Bank of America is entitled to an award of attorneys' fees of costs incurred herein.

### THIRD CAUSE OF ACTION

32. Based upon the facts set forth herein, Defendants' debt on Wachovia Loan is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) and (4), and 11 U.S.C. § 727(a)(4).

33. Pursuant to the terms of the subject Promissory Note and Deed of Trust for the Wachovia Loan, Wachovia is entitled to an award of attorneys' fees of costs incurred herein.

### FOURTH CAUSE OF ACTION

34. Based upon the facts set forth herein, Defendants' debt on the BAC Loan is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) and (4), and 11 U.S.C. § 727(a)(4).

35. Pursuant to the terms of the subject Promissory Note and Deed of Trust for the BAC Loan, BAC is entitled to an award of attorneys' fees of costs incurred herein.

### FIFTH CAUSE OF ACTION

36. Based upon the facts set forth herein, Defendants' debt on the Bank of America Lost Angel Loan is non-dischargeable pursuant to 11 U.S.C § 523(a)(2) and (4), and 11 U.S.C. § 727(a)(4).

37. Pursuant to the terms of the subject Promissory Note and Deed of Trust for the Bank of America Lost Angel Loan, Bank of America is entitled to an award of attorneys' fees of costs incurred herein.

### PRAYER

WHEREFORE, Plaintiffs pray for judgment on all causes of action set forth herein as follows:

1. For an order determining that Defendants' respective debts referenced herein are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) and (4);

2. For an order denying the entire discharge of Defendants pursuant to 11 U.S.C.

1  § 727(a)(4);
2  3. For an award of attorneys' fees incurred herein;
3  4. For costs of court;
4  5. For any and all additional relief deemed appropriate by this Honorable Court.
5
6  Dated this 5th day of October, 2009.
7
8                                              ROUTH CASTLE COOPER OLSEN, LLC
                                                A Multi-Jurisdictional Law Firm
9
                                                By: /s/ Marty G. Baker
10                                                  Marty G. Baker, Esq. (AZ Bar No. 025278)
                                                    Ian D. Quinn, Esq. (AZ Bar No. 024515)
11                                                  22601 North 19th Avenue, Suite 201
                                                    Phoenix, Arizona 85027
12                                                  (623) 582-1222
                                                    Attorneys for Plaintiffs
13
                                                    1) BANK OF AMERICA, N.A.;
14
                                                    2) WACHOVIA BANK, NATIONAL
15                                                  ASSOCIATION AS TRUSTEE FOR THE
                                                    HOLDERS OF GSR 2004-09;
16
                                                    3) BAC HOME LOANS SERVICING, LP; and
17
                                                    4) THE BANK OF NEW YORK MELLON FKA
18                                                  THE BANK OF NEW YORK AS TRUSTEE FOR
                                                    THE CERTIFICATEHOLDERS CWABS, INC.
19                                                  ASSET-BACKED CERTIFICATES, SERIES
                                                    2005-13
20
21
22
23
24
25
26
27
28